UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § § § |
| v. | §  Nos.  1:22-CR-00189-RP; § 1:21-CR-243-RP |
| (1) REINALDO CHIPI WOLF, *Defendant* | § § § |

### ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The reasons for my decision include, in particular:

- the nature and circumstances of the offense charged, including that the offense is a crime of violence and involved a firearm, that Defendant pointed a firearm at his victims in each of the charged robberies, and the significant incarceration time Defendant faces in connection with these charges;

- the weight of the evidence against the person, including Defendant's own post-*Miranda* statements to law enforcement, surveillance video tying Defendant to the scenes of the charged robberies, evidence seized from Defendant's residence tying him to the charged robberies, and statements from witnesses to the crimes;

1

- the history and characteristics of the person, including his extensive history of drug addiction and unsuccessful attempts at drug treatment, his history of failing to treat multiple mental-health diagnoses, his lack of significant family or other ties to this community, his lack of any recent legitimate employment, his lengthy criminal history (including multiple prior convictions for armed robberies), his history of repeatedly failing to comply with terms of pretrial and supervised release, and the fact that he was serving a federal term of supervised release at the time he was arrested on the present charges;

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release, most importantly (in addition to everything set out above) his propensity to engage in armed robberies to support his drug habit; and

- finally, the operation of the presumption in 18 U.S.C. § 3142(e)(3)(B) that detention is needed because the crime charged is an offense under 18 U.S.C. § 924(c) (which, even when rebutted, remains as a factor for the Court's consideration).

This record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED September 27, 2022.

                                    DUSTIN M. HOWELL
                                    UNITED STATES MAGISTRATGE JUDGE